IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WILLIAM BARTON MELTON III, | * | |
| Plaintiff, | * | |
| v. | * | |
|  | * | Civil No. 25-3343-BAH |
| ZACHARY MICHAEL NAUMANN, | * | |
| Defendant. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff William Barton Melton, III ("Plaintiff") filed the above-captioned complaint *pro se* together with a motion for leave to proceed in forma pauperis. *See* ECF 1 (complaint); ECF 2 (motion to proceed in forma pauperis). The motion for leave to proceed in forma pauperis will be granted. However, because it appears that the Court lacks subject matter jurisdiction over Plaintiff's claims, the complaint will be dismissed.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court is limited to hearing civil cases that implicate a federal question or are brought pursuant to the Court's diversity jurisdiction. *Id.*; 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and complete diversity exists such that no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Plaintiff brings suit against Zachary Michael Naumann ("Defendant"). ECF 1. Plaintiff alleges that Defendant "punched [him] in the mouth" resulting in a "fractured jaw . . . missing tooth . . . and fractured soc[k]et bone" that required "emergency surgery" that Plaintiff was unable to undergo because "he didn't have the money[.]" ECF 1, at 7. Plaintiff alleges $76,000 in actual damages as well as "pain and suffering." *Id.* at 7–8.

Plaintiff asserts diversity jurisdiction as the basis for this Court's jurisdiction. *Id.* at 4–5. However, the face of the complaint alleges that both Plaintiff and Defendant are citizens of Maryland, defeating diversity. *Id.* (noting that both Plaintiff and Defendant reside in Baltimore and are citizens of Maryland). Nor does it appear that federal question jurisdiction exists, as Plaintiff does not invoke any federal causes of action in his complaint, and personal injury suits are typically addressed under applicable state tort laws. Thus, it does not appear from the face of the complaint that this Court has subject matter jurisdiction over the complaint.

The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, because Plaintiff has not presented a jurisdictional basis for this suit, the Court concludes that it lacks subject matter jurisdiction to hear Plaintiff's claims, and the complaint must be dismissed without prejudice. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Accordingly, it is this 16th day of October, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The motion for leave to proceed in forma pauperis is GRANTED;

2. The complaint IS DISMISSED without prejudice for lack of jurisdiction;

3. The Clerk SHALL MAIL a copy of this Order to Plaintiff; and

4. The Clerk SHALL CLOSE this case.

Dated: October 16, 2025                                             /s/
                                                            Brendan A. Hurson
                                                            United States District Judge